# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **LIGHT TRANSFORMATION TECHNOLOGIES LLC,**<br><br>**PLAINTIFF,**<br><br>v.<br><br>**LIGHTING SCIENCE GROUP CORPORATION and THE HOME DEPOT, INC.**<br><br>**DEFENDANTS.** | CASE NO.: 2:12-cv-00826-JRG-RSP<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendants Lighting Science Group Corporation ("LSG") and Home Depot U.S.A., Inc.[1] ("Home Depot") (collectively "Defendants"), by and through their attorneys, respectfully submit their Answer, Affirmative defenses, and Counterclaims in response to the Original Complaint For Patent Infringement of Plaintiff Light Transformation Technologies LLC ("LTT"), and requests a trial by jury on all issues so triable, as follow:

## PARTIES

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1.

2. Admitted.

3. Admitted.

---

[1] Plaintiff's Complaint names the incorrect Home Depot entity, The Home Depot, Inc. as a defendant. The parties have conferred and will be filing an agreed motion to substitute the correct entity, Home Depot U.S.A., Inc., in place of The Home Depot, Inc. Accordingly, the responses in this pleading are made on behalf of Home Depot U.S.A., Inc.

## JURISDICTION AND VENUE

4. Defendants admit that the Complaint purports to allege an action arising under the patent laws of the United States. Defendants admit that this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

5. Defendants are not contesting personal jurisdiction in this action; however, Defendants deny that they have conducted any infringing activity as alleged in the Complaint and further that they have directly and/or through intermediaries advertised, offered to sell, sold and/or distributed infringing products, and/or have induced the sale and use of infringing products within this district.

6. Defendants are not contesting general jurisdiction in this action.

7. Defendants are not contesting venue in this action; however, Defendants deny they have advertised, offered to sell, sold and/or distributed infringing products, and/or have induced the sale and use of infringing products.

## COUNT I
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,220,959

8. Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 8. Defendants deny that the 8,220,959 patent was duly and legally issued.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9.

10. LSG denies the allegations set forth in Paragraph 10.

11. Home Depot denies the allegations set forth in Paragraph 11.

## COUNT II
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,951,418

12. Home Depot is without knowledge of information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 12. Home Depot denies that the 6,951,418 patent was duly and legally issued.

13. Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13.

14. Home Depot denies the allegations set forth in Paragraph 14.

## COUNT III
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,543,911

15. Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 15. Defendants deny that the 6,543,911 patent was duly and legally issued.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16.

17. LSG denies the allegations set forth in Paragraph 17.

18. Home Depot denies the allegations set forth in Paragraph 18.

19. Home Depot denies the allegations set forth in Paragraph 19.

20. Defendants deny the allegations set forth in Paragraph 20.

## JOINDER

21.     Defendants admit that joinder of LSG and Home Depot is proper under 35 U.S.C. § 299.  Defendants deny the remaining allegations set forth in Paragraph 21.

**WHEREFORE**, Defendants deny that LTT is entitled to the requested relief identified in items 1-4 of its Prayer for Relief, or any other relief whatsoever in this action.  The Defendants further deny each and every allegation of the Complaint as set forth herein or to which the Defendants have not specifically admitted or specifically responded.  Allegations only admitted by one defendant are not admitted by the other defendant, unless expressly noted.

## DEMAND FOR JURY TRIAL

Defendants herby demand a jury trial on all issues so triable to a jury.

## AFFIRMATIVE DEFENSES

Further answering LTT's Complaint and as additional defenses thereto, Defendants assert the following Affirmative Defenses, without admitting any allegation not otherwise admitted and without assuming the burden of proof when such burden would otherwise be on LTT. Defendants reserve the right to allege additional Affirmative Defenses as they become known throughout the course of discovery.

### First Affirmative Defense
(Non-Infringement of U.S. Patent No. 8,220,959)

Defendants have not infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of U.S. Patent No. 8,220,959.

### Second Affirmative Defense
(Invalidity of U.S. Patent No. 8,220,959)

LTT's purported claims for infringement are barred because U.S. Patent No. 8,220,959 is

invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 1 *et seq.*, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and/or 119, the judicial doctrine of double patenting, and the rules, regulations and laws pertaining thereto.

### Third Affirmative Defense
(Prosecution History Estoppel)

LTT's claims are barred in whole or in part by the doctrine of prosecution history estoppel because the amendments and arguments made during the prosecution limit the scope of the claims of U.S. Patent No. 8,220,959 and bar LTT's allegations of infringement, whether literally or under the doctrine of equivalents.

### Fourth Affirmative Defense
(Collateral Estoppel)

LTT's claims are barred in whole or in part by the doctrine of collateral estoppel because rulings made during other litigations limit the scope, interpretations and enforceability of the claims of U.S. Patent No. 8,220,959 and bar LTT's allegations of infringement, whether literally or under the doctrine of equivalents.

### Fifth Affirmative Defense
(Non-Infringement of U.S. Patent No. 6,543,911)

Defendants have not infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of U.S. Patent No. 6,543,911.

### Sixth Affirmative Defense
(Invalidity of U.S. Patent No. 6,543,911)

LTT's purported claims for infringement are barred because U.S. Patent No. 6,543,911 is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 1 *et seq.*, including but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112, and the rules, regulations and laws pertaining thereto.

**Seventh Affirmative Defense**
(Prosecution History Estoppel)

LTT's claims are barred in whole or in part by the doctrine of prosecution history estoppel because the amendments and arguments made during the prosecution limit the scope of the claims of U.S. Patent No. 6,543,911 and bar LTT's allegations of infringement, whether literally or under the doctrine of equivalents.

**Eighth Affirmative Defense**
(Collateral Estoppel)

LTT's claims are barred in whole or in part by the doctrine of collateral estoppel because rulings made during other litigations limit the scope, interpretations and enforceability of the claims of U.S. Patent No. 6,543,911 and bar LTT's allegations of infringement, whether literally or under the doctrine of equivalents.

**Ninth Affirmative Defense**
(Non-Infringement of U.S. Patent No. 6,951,418)

Home Depot has not infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of U.S. Patent No. 6,951,418.

**Tenth Affirmative Defense**
(Invalidity of U.S. Patent No. 6,951,418)

LTT's purported claims for infringement are barred because U.S. Patent No. 6,951,418 is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 1 *et seq.*, including but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112, and the rules, regulations and laws pertaining thereto.

**Eleventh Affirmative Defense**
(Prosecution History Estoppel)

LTT's claims are barred in whole or in part by the doctrine of prosecution history estoppel because the amendments and arguments made during the prosecution limit the scope of the claims of U.S. Patent No. 6,951,418 and bar LTT's allegations of infringement, whether literally or under the doctrine of equivalents.

**Twelfth Affirmative Defense**
(Collateral Estoppel)

LTT's claims are barred in whole or in part by the doctrine of collateral estoppel because rulings made during other litigations limit the scope, interpretations and enforceability of the claims of U.S. Patent No. 6,951,418 and bar LTT's allegations of infringement, whether literally or under the doctrine of equivalents.

**Thirteenth Affirmative Defense**
(Statutory limitations on Damages and Costs)

LTT's claims for damages and costs, if any, are statutorily limited by the provisions of 35 U.S.C. §§ 286, 287, and/or 288.

**Fourteenth Affirmative Defense**
(No Irreparable Harm)

LTT is not entitled to injunctive relief against Defendants because any alleged injury to LTT as a result of Defendants' alleged activities is not immediate or irreparable, and LTT has an adequate remedy at law.

**Fifteenth Affirmative Defense**
(Laches)

LTT claims are barred, in whole or in part, under the doctrines of laches because of LTT's unreasonable delay in asserting the patents-in-suit materially prejudiced Defendants.

**Sixteenth Affirmative Defense**
(Equitable Estoppel)

The relief sought by LTT is barred, in whole or in part, under the doctrine of equitable estoppel because LTT's unreasonable delay in filing suit misled the Defendants to believe LTT did not intend to enforce U.S. Patent Nos. 8,220,959, 6543,911 and/or 6,951,418 against it; Defendants relied on such misleading conduct; and Defendants would be materially prejudiced if LTT were permitted to proceed with its alleged claims of infringement against the Defendants.

WHEREFORE, Defendants ask that LTT's Complaint be dismissed with prejudice, that judgment be entered for Defendants on all claims, and that Defendants be awarded attorneys' fees and costs incurred in defending against LTT's Complaint, together with such other and further relief as the Court deems just and appropriate.

### LIGHTING SCIENCE GROUP CORP.'S AND HOME DEPOT U.S.A., INC.'S COUNTERCLAIMS

Defendants and Counterclaim-Plaintiffs Lighting Science Group Corporation and Home Depot U.S.A., Inc., by and through their attorneys, assert the following counterclaims against Plaintiff and Counterclaim-Defendant Light Transformation Technologies LLC. Lighting Science Group Corporation and Home Depot U.S.A., Inc. reserve the right to assert additional counterclaims, such as unenforceability due to inequitable conduct, as warranted by facts learned through investigation and discovery.

### The Parties

1. Defendant and Counterclaim-Plaintiff Lighting Science Group Corporation ("LSG") is a Delaware corporation having a principal place of business at 1227 South Patrick Dr. #2A, Satellite Beach, FL 32937-3969.

2. Defendant and Counterclaim-Plaintiff Home Depot U.S.A., Inc. ("Home Depot") is a Delaware corporation having a principal place of business in 2455 Paces Ferry Rd. SE, Atlanta, GA 30339.

3. Upon information and belief based on representations in its Complaint, Plaintiff and Counterclaim-Defendant Light Transformation Technologies LLC ("LTT") is a Texas limited liability company having a principal place of business in Frisco, Texas.

### NATURE OF COUNTERCLAIMS

4. LSG and Home Depot ("Defendants") bring an action for a declaration of patent non-infringement and invalidity arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et. seq.* and the patent laws of the United States, 35 U.S.C. §§ 1 *et. seq.*

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and/or 2202 and the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*

6. LTT has consented to personal jurisdiction and venue in this judicial district with respect to the Counterclaims by voluntarily appearing before this Court and filing its Complaint against LSG and Home Depot here.

7. LTT alleges that it is the exclusive licensee of U.S. Patent Nos. 8,220,959, 6,543,911, and 6,951,418 (the "Asserted Patents") and that it holds all substantial rights in and to the Asserted Patents, including, without limitation, the exclusive right to grant sublicenses, to sue for and collect past, present and future damages, and the exclusive right to seek and obtain injunctive relief or any other relief for infringement of the Asserted Patents.

8. LTT alleges that LSG infringes U.S. Patent Nos. 8,220,959 and 6,543,911. LSG denies that it infringes any claim of U.S. Patent Nos. 8,220,959 and 6,543,911, and asserts the claims of U.S. Patent Nos. 8,220,959 and 6,543,911 are invalid.

9. LTT alleges that Home Depot infringes U.S. Patent Nos. 8,220,959, 6,543,911, and 6,951,418. Home Depot denies that it infringes any claim of U.S. Patent Nos. 8,220,959, 6,543,911, and 6,951,418, and asserts the claims of U.S. Patent Nos. 8,220,959, 6,543,911, and 6,951,418 are invalid.

10. There is an actual justiciable controversy between LSG and LTT concerning the non-infringement and invalidity of U.S. Patent Nos. 8,220,959 and 6,543,911.

11. There is an actual justiciable controversy between Home Depot and LTT concerning the non-infringement and invalidity of U.S. Patent Nos. 8,220,959, 6,543,911, and 6,951,418.

## COUNT I
### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,220,959

12. Defendants incorporate their responses to the Complaint, its Defenses, and Paragraphs 1 through 11 of these Counterclaims as if fully set forth herein.

13. An actual and justiciable controversy has arisen between Defendants and LTT concerning the infringement of U.S. Patent No. 8,220,959 identified in the Complaint.

14. Defendants have not infringed any valid and enforceable claim of U.S. Patent No. 8,220,959, either literally or under the doctrine of equivalents.

15. Accordingly, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Defendants seek judgment from this Court declaring that they do not infringe and have not infringed, by any Defendants product, either literally, or under the doctrine of equivalents, any claim of U.S. Patent No. 8,220,959.

## COUNT II
### Declaratory Judgment of Invalidity of U.S. Patent No. 8,220,959

16. Defendants incorporate their responses to the Complaint, its Defenses, and Paragraphs 1 through 11 of these Counterclaims as if fully set forth herein.

17. An actual and justiciable controversy has arisen between Defendants and LTT concerning the invalidity of U.S. Patent No. 8,220,959.

18. The claims of U.S. Patent No. 8,220,959 are invalid for failure to meet the requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C.

§§ 101, 102, 103, 112 and/or 119, the judicial doctrine of double patenting, and the rules, regulations and laws pertaining thereto.

19. Accordingly, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Defendants seek judgment from this Court declaring that U.S. Patent No. 8,220,959 is invalid for failure to comply with the requirements of 35 U.S.C. §§ 1 *et seq.*, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 119, and the judicial doctrine of double patenting.

## COUNT III
## Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,543,911

20. Defendants incorporate their responses to the Complaint, its Defenses, and Paragraphs 1 through 11 of these Counterclaims as if fully set forth herein.

21. An actual and justiciable controversy has arisen between Defendants and LTT concerning the infringement of U.S. Patent No. 6,543,911 identified in the Complaint.

22. Defendants have not infringed any valid and enforceable claim of U.S. Patent No. 6,543,911, either literally or under the doctrine of equivalents.

23. Accordingly, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Defendants seek judgment from this Court declaring that they do not infringe and have not infringed, by any Defendants' product, either literally, or under the doctrine of equivalents, any claim of U.S. Patent No. 6,543,911.

## COUNT IV
### Declaratory Judgment of Invalidity of U.S. Patent No. 6,543,911

24. Defendants incorporate their responses to the Complaint, its Defenses, and Paragraphs 1 through 11 of these Counterclaims as if fully set forth herein.

25. An actual and justiciable controversy has arisen between Defendants and LTT concerning the invalidity of U.S. Patent No. 6,543,911.

26. The claims of U.S. Patent No. 6,543,911 are invalid for failure to meet the requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112, and the rules, regulations and laws pertaining thereto.

27. Accordingly, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Defendants seek judgment from this Court declaring that U.S. Patent No. 6,543,911 is invalid for failure to comply with the requirements of 35 U.S.C. §§ 1 *et seq.*, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNT V
### Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,951,418

28. Defendants incorporate their responses to the Complaint, its Defenses, and Paragraphs 1 through 11 of these Counterclaims as if fully set forth herein.

29. An actual and justiciable controversy has arisen between Defendants and LTT concerning the infringement of U.S. Patent No. 6,951,418 identified in the Complaint.

30. Defendants have not infringed any valid and enforceable claim of U.S. Patent No. 6,951,418, either literally or under the doctrine of equivalents.

31. Accordingly, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Defendants seek judgment from this Court declaring that they do not infringe

and have not infringed, by any of Defendants' product, either literally, or under the doctrine of equivalents, any claim of U.S. Patent No. 6,951,418.

## COUNT VI
### Declaratory Judgment of Invalidity of U.S. Patent No. 6,951,418

32. Defendants incorporate the responses to the Complaint, its Defenses, and Paragraphs 1 through 11 of these Counterclaims as if fully set forth herein.

33. An actual and justiciable controversy has arisen between Defendants and LTT concerning the invalidity of U.S. Patent No. 6,951,418.

34. The claims of U.S. Patent No. 6,951,418 are invalid for failure to meet the requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112, and the rules, regulations and laws pertaining thereto.

35. Accordingly, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Defendants seek judgment from this Court declaring that U.S. Patent No. 6,951,418 is invalid for failure to comply with the requirements of 35 U.S.C. §§ 1 *et seq.*, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following judgment and relief:

A. A judgment denying and dismissing all of LTT's claims against Defendants with prejudice and denying LTT's request for damages and injunctive relief;

B. A declaration that Defendants have not infringed and are not infringing, either directly, indirectly, or otherwise, any valid or enforceable claim of U.S. Patent Nos. 8,220,959, 6,543,911, and 6,951,418;

C. A declaration that U.S. Patent Nos. 8,220,959, 6,543,911, and 6,951,418 are invalid;

D. That the Court find this case to be an exceptional case and that Defendants be awarded their costs and attorneys' fees incurred in having to defend this action pursuant to 35 U.S.C. §285 and as otherwise allowed; and

E. That Defendants be granted such other and additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants hereby respectfully requests a jury trial on all issues and claims so triable.

February 25, 2013                                                    *Respectfully submitted,*

                                                                      */s/ Eric H. Findlay*_____
                                                                     Eric H. Findlay
                                                                     State Bar No. 00789886
                                                                     FINDLAY CRAFT, LLP
                                                                     6760 Old Jacksonville Highway
                                                                     Suite 101
                                                                     Tyler, TX 75703
                                                                     (903) 534-1100
                                                                     efindlay@findlaycraft.com

                                                                     Kal K. Shah
                                                                     THOMPSON COBURN LLP
                                                                     55 East Monroe Street
                                                                     37th Floor
                                                                     Chicago, Illinois 60603
                                                                     (312) 346-7500
                                                                     kshah@thompsoncoburn.com

                                                                     Attorneys for Defendants Lighting Science Group Corporation and Home Depot U.S.A., Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 25, 2013.

                                                                                              */s/ Eric H. Findlay*
                                                                                              Eric H. Findlay