IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LIGHT TRANSFORMATION TECHNOLOGIES LLC | NO. 2:12-CV-826-MHS-RSP (LEAD CASE) |
| v. | CONSOLIDATED |
| LIGHTING SCIENCE GROUP CORP., *et al.* | |
| LIGHT TRANSFORMATION TECHNOLOGIES LLC | NO. 2-12-cv-827-MHS-RSP |
| v. | |
| GENERAL ELECTRIC COMPANY *et al.* | |

**PLAINTIFF'S REPLY CLAIM CONSTRUCTION BRIEF**

Henry M. Pogorzelski
COLLINS, EDMONDS POGORZELSKI
SCHLATHER & TOWER, PLLC
1616 S. Voss Road, Suite 125
Houston, Texas   77057

Stafford Davis
THE STAFFORD DAVIS FIRM, PC
305 S. Broadway, Suite 406
Tyler, Texas 75702

ATTORNEYS FOR PLAINTIFF LIGHT
TRANSFORMATION TECHNOLOGIES
LLC

# TABLE OF AUTHORITIES

## Cases

*c4cast.com, Inc. v. Dell, Inc.,* No. 2:12-CV-271-JRG-RSP,
2013 WL 3379261 (E.D. Tex. July 3, 2013) ........................................................... 7

Elekta Instrument S.A. v. O.U.R. Scientific Int'l, Inc.,
214 F.3d 1302 (Fed.Cir.2000)................................................................................. 6

*Exxon Research & Eng'g Co. v. United States*,
265 F.3d 1371 (Fed.Cir.2001)................................................................................. 7

*Hakim v. Cannon Avent Group, PLC,*
479 F.3d 1313 (Fed. Cir. 2007)............................................................................... 9

*Halliburton Energy Servs., Inc. v. M–I LLC,*
514 F.3d 1244 (Fed.Cir.2008)................................................................................. 6

*Idle Free Sys., Inc. v. Bergstrom, Inc.,*
IPR2012-00027, Paper 26 (PTAB June 11, 2013)................................................. 5

*iLOR, LLC v. Google,*
550 F.3d 1067 (Fed. Cir. 2008)............................................................................... 9

*Lucent Tech, Inc., Gateway, Inc.,*
525 F.3d 1200 (Fed Cir. 2008)............................................................................... 6

*Luv N' Care, Ltd. v. Koninklijke Philips Electronics N.V.,* No. 2:11-cv-512-RSP,
2013 WL 3471269 (E.D. Tex. July 9, 2013) .......................................................... 9

*New Hampshire v. Maine*,
532 U.S. 742 (2001)............................................................................................ 4, 5

*Omega Eng'g, Inc. v. Raytek Corp.*,
334 F.3d 1314 (Fed. Cir. 2003)............................................................................... 4

*Universal Electronics, Inc. v. Universal Remote Control, Inc.*,
943 F.Supp.2d 1028 (C.D. Cal. 2013) .................................................................... 5

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...................................................................................................... i

    Cases .......................................................................................................................................... i

**TABLE OF CONTENTS** ......................................................................................................... ii

**I.**      **RESPONSE TO DEFENDANTS' INTRODUCTION** ...................................................1

**II.**     **RESPONSE TO DEFENDANTS' OVERVIEW OF THE PATENT** ...........................2

**III.**    **REPLY TO DEFENDANTS' ARGUMENTS** ...............................................................3

    A.   Light transformer ................................................................................................ 3

    B.   Redirects & Redistributes ................................................................................... 5

    C.   Axis of light direction – Not Indefinite .............................................................. 6

    D.   Symmetrical across the axis of light direction ................................................... 7

    E.   Output side of aspheric lens located between the first and second windows / first and second openings .................................................................................................. 7

    F.   Total internal reflection surface (TIR) ............................................................... 8

**IV.**    **CONCLUSION** .........................................................................................................10

Plaintiff respectfully provides this reply in partial response to Defendants' Responsive Claim Construction Brief (Dkt. No. 108) ("Defendants' Brief") and in further support of Plaintiffs' Opening Claim Construction Brief (Dkt. No. 106) ("Plaintiff's Opening Brief").  In light of the Court's page limits for reply briefs, Plaintiff does not address each of the disputed terms herein but looks forward to addressing them at oral argument.

Correction:   Plaintiff's Opening Brief incorrectly states on page 1 that the PTAB is expected to decide *by June 18, 2014* whether to institute trial in response to the IPR petition filed by the GE Lighting Defendants.  The correct date for the PTAB's decision is *July 6, 2014*.  *See* 35 U.S.C. § 314 (six month deadline from filing date of January 6, 2014).  This Court's claim construction hearing is scheduled for June 18, 2014.

I.     **RESPONSE TO DEFENDANTS' INTRODUCTION**

Defendants firstly overstate the "involvement" of the '911 patent in the present litigation. To simplify issues for claim construction, Plaintiff is no longer asserting the '911 patent.  While the file history of the '911 patent has relevance, it is a waste of the Court's time to construe the contested terms as found in previously asserted claim 6 of the '911 patent.  Moreover, for at least the contested term "total internal reflection surface," the Court could conceivably reach a different claim construction for the term as used in claim 6 of the '911 patent and for the term as used in the '959 patent.  Defendants have argued that certain statements in the file history of the '911 patent act to convert this term into a product by process claim.  Whatever the merits of this position with respect to this term in the '911 patent, the allegedly limiting statement from the '911 patent file history was expressly disclaimed during the prosecution of the '959 patent.  *See* Plaintiff's Opening Brief, at 11-12 (citing to Ex. 8, at 5).  While Plaintiff's statement of non-assertion should be enough to remove claim 6 of the '911 patent from the case, Plaintiff is willing to file appropriate dismissal

documents.

Defendants also assert in their Introduction that "LTT asks the Court to construe terms like 'first,' 'second,' 'third' and 'fourth.'"  This is not correct.  LTT proposes not to waste the Court's time (or the parties' limited briefing pages) construing simple terms and therefore has indicated as its primary position that these terms need no construction.

## II.        RESPONSE TO DEFENDANTS' OVERVIEW OF THE PATENT

Defendants' Brief on page 2 and elsewhere generally argues that the claims of the '959 patent are somehow limited to the particular embodiment of the invention in which the optic is shaped in the form of a torus, for example, in Figure 2 of the '959 patent.  This is textbook example of an improper attempt to read limitations from the specification concerning a particular embodiment into the claims.

Defendants make a similar argument on page 25 of their Technology Tutorial ("How Farlight Employs the Claimed Invention"), depicting a Farlight commercial obstruction light with a torus-shaped optic.  This depiction is not complete because it omits certain prototype lights that Farlight made during the 2002-2008 time period using a rounded optic, that is, an optic formed by rotating the cross section of Figure 7 about the Axis of Light Direction shown below.



2

  

Farlight Rounded Optic – Perspective and Side Views, Optic in Prototype MR16 Light

*See* Tudhope Decl. (Ex. 12).

## III.    REPLY TO DEFENDANTS' ARGUMENTS

### A.    Light transformer

| Plaintiff's Construction | Defendants' Construction |
|---|---|
| Needs no construction.  Alternatively, a structure that changes or transforms light in some manner. | An optic that is not round in that it can be extended in a horizontal direction perpendicular to an optical axis. |

It should be enough to observe that independent claims 1 and 4 of the '959 patent contain a plethora of structural limitations, making it unnecessary to resort to the preambles of these two claims to breathe life, meaning and vitality into them.  Defendants' Brief argues that the preamble of claim 6 of *the '911 patent* is limiting, citing to Plaintiff's statements during the reexamination of the '911 patent.  These statements are distinguishable because the preamble of the '911 patent recites important limitations, including "predetermined pattern," "directing" and "redistributing." However, these statements during reexamination of a non-asserted claim say nothing to breathe life into meaning of the term "transformer" as used claim 6 of the '911 patent, nor are they relevant to the question of any need to use a preamble to breathe life into the claims of the '959 patent.

Defendants' Brief at page 5 then misconstrues the patent applicant's statement made during prosecution of the '911 patent.  Properly read, the applicant is stating that the particular claimed invention may include but is *not limited* to rounded optics.  Properly read, the claimed invention

includes the torus-shaped optic.  That is why the applicant stated "the claimed light transformer …

is symmetrical across the optical axis … ***not necessarily*** around.  As a result, the claimed

transformer may not be round ***in that it can*** be extended in a horizontal direction, perpendicular to

the optic access, ***or*** it ***can*** even be toroidal."  *See* Defendants' Brief, Ex. D, p. 6, 2d ¶ (emphasis

added).  In any case, it cannot be said that this statement is a clear disavowal of claim scope.  *See,*

*e.g., Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1326 (Fed. Cir. 2003) (holding that to

depart from the plain meaning of the claim term, the patentee's actions during prosecution must

be "clear and unmistakable.").  Amendments or arguments that are merely vague, ambiguous, or

subject to other reasonable interpretation are not sufficient to surrender claim scope.  *Id.* at 1325.

Moreover, at least the GE Lighting Defendants should be judicially estopped from arguing

for such a narrow construction.  Judicial estoppel is an equitable doctrine designed to "protect the

integrity of the judicial process" by preventing parties from deliberately changing positions when

it suits them.  *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001).  GE Lighting filed its IPR

Petition (Exhibit 13) against the '959 patent on January 6, 2014, alleging anticipation of the

asserted claims 1, 3, 4, 6 and 7 by a single prior art reference, a UK patent to Brown.  *See* IPR

Petition (Ex. 13); GB 2 282 700 (Ex. 14).  In doing so, the GE Lighting Defendants took the

position that the term "transformer" (1) was not limiting at all (*see* Exhibit 13, claim chart on page

23 (ignoring the term "transformer" in the preamble)), and (2) certainly includes round optics.  It

did so because the Brown prior art discloses a round optic (Exhibit 14, Figures 13, 14, 16 & 17),

and to be successful at the PTAB, the GE Lighting Defendants need a broad construction for

"transformer" to encompass Brown.

Courts use several factors in the determination of whether to apply the doctrine of judicial

estoppel in a particular case:  (1) if a party's later position is "clearly inconsistent" with its earlier

position; (2) whether the party succeeds in persuading a court to accept the earlier position such that judicial acceptance of the inconsistent position in a later proceeding creates "the perception that either the first or second court was misled"; and (3) whether the party asserting the inconsistent position gains an unfair advantage, or causes an unfair detriment to the opposing party. *New Hampshire,* 532 U.S. at 750-51. These factors are present here, or at least will shortly be present here. First, the position of the GE Lighting Defendants here is clearly inconsistent with its position before the PTAB. Second, since the PTAB will make its decision as to whether to accept GE Lighting's petition and institute trial on the '959 patent by July 6, 2014, and since Plaintiff chose not to file a response in the PTAB, it is almost a certainty that the PTAB will institute trial on or before July 6, 2014. This means that July 6, 2014 is the latest date by which the GE Lighting Defendants will be "successful" in persuading a court to accept its earlier position. Third, the GE Lighting Defendants will gain an unfair advantage and cause an unfair detriment to Plaintiff – GE Lighting will be simultaneously arguing a narrow construction to this Court (for the purposes of avoiding infringement) after advocating a broad construction (for the purposes in invalidity) before the PTAB.[1] For this additional reason, the Court should reject Defendants' construction.

### B. <u>Redirects & Redistributes</u>

| Redirects – Plaintiff's Construction | Redirects – Defendants' Construction |
|---|---|
| Changing the direction of light rays. | Changing a direction of light rays, or changing the propagation direction of the light rays<u>, while maintaining the ordering of the rays and the relative intensity among the ensemble of rays</u>. |

---

[1]  The GE Lighting Defendants may contend that the PTAB is not a real judicial body for the purposes of judicial estoppel. In light of the various judicial-type features in IPR, including limited discovery, argument responses and an oral hearing, this position should be rejected. *See, e.g., Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 943 F.Supp.2d 1028, 1030 (C.D. Cal. 2013) ("A significant change from *inter partes* reexamination to *inter partes* review is that it 'converts *inter partes* reexamination from an examinational to an adjudicative proceeding." (citations omitted)); *Idle Free Sys., Inc. v. Bergstrom, Inc.,* IPR2012-00027, Paper 26, at 6 (PTAB June 11, 2013) ("An *inter partes* review is more adjudicatory than examinational, in nature.").

| Redistributes – Plaintiff's Construction | Redistributes – Defendants' Construction |
|---|---|
| Changing the angular intensity distribution of light rays, including <u>changing the relative order **or sequence** of light rays</u>. | Changing the angular intensity distribution of light from a light source by <u>changing the ordering and relative intensity among the ensemble of rays</u>. |

While the parties' respective positions have now been extensively briefed, it bears noting that Defendants' position is not supported by its cited case.  In *Lucent Tech, Inc., Gateway, Inc.,* 525 F.3d 1200, 1215 (Fed Cir. 2008) (Defendants' Brief at page 9), the Federal Circuit quoted *Elekta Instrument S.A. v. O.U.R. Scientific Int'l, Inc.*, 214 F.3d 1302, 1309 (Fed.Cir.2000) as follows:   "<u>[H]aving concluded that the amended claim is susceptible of only one reasonable construction,</u> we cannot construe the claim differently from its plain meaning in order to preserve its validity...."  Defendants' Brief omits the underlined text.  Moreover, it should be noted that any finding of indefiniteness – the stated goal of Defendants' construction – requires a showing by clear and convincing evidence.  *See, e.g., Halliburton Energy Servs., Inc. v. M–I LLC,* 514 F.3d 1244, 1249–50 (Fed.Cir.2008).

## C.      Axis of light direction – Not Indefinite

In summarizing the law of indefiniteness, this Court recently stated as follows:

[W]e have not held that a claim is indefinite merely because it poses a difficult issue of claim construction. We engage in claim construction every day, and cases frequently present close questions of claim construction on which expert witnesses, trial courts, and even the judges of this court may disagree. Under a broad concept of indefiniteness, all but the clearest claim construction issues could be regarded as giving rise to invalidating indefiniteness in the claims at issue. But we have not adopted that approach to the law of indefiniteness. We have not insisted that claims be plain on their face in order to avoid condemnation for indefiniteness; rather, what we have asked is that the claims be amenable to construction, however difficult that task may be. If a claim is insolubly ambiguous, and no narrowing construction can properly be adopted, we have held the claim indefinite.  If the meaning of the claim is discernible, even though the task may be formidable and the conclusion may be one over which reasonable persons will disagree, we have held the claim sufficiently clear to avoid invalidity on indefiniteness grounds.... By finding claims

6

indefinite only if reasonable efforts at claim construction prove futile, we accord respect to the statutory presumption of patent validity ... and we protect the inventive contribution of patentees, even when the drafting of their patents has been less than ideal.

*c4cast.com, Inc. v. Dell, Inc.,* No. 2:12-CV-271-JRG-RSP, 2013 WL 3379261, at *3 (E.D. Tex.

July 3, 2013) (citing *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1376

(Fed.Cir.2001)).  Defendants' indefiniteness challenge cannot meet this high burden.  *See also,*

*supra,* at 2 (Figure showing Axis of Light Direction).

> **D.**  <u>**Symmetrical across the axis of light direction**</u>

| Plaintiff's Construction | Defendants' Construction |
|---|---|
| Needs no construction.  Alternatively, the first planar optical window and the second planar optical window (or first window and second window) are symmetrical. | To the extent "axis of light direction" can be construed, Defendants propose the following construction: symmetrical on opposite sides of the axis of light direction, <u>but not around the axis</u>. |

Defendants' Brief at page 12 argues that its construction properly incorporates the

statements made by the applicants during prosecution.   This is not correct.   Defendants'

construction is limited by the phrase "but not around the axis."  The quoted file history statement

upon which Defendants rely includes the phrase "not *necessarily* around [the axis]."  *Id.* (emphasis

added).  Defendants' construction is unsupported attempt to limit the claims of the '959 patent to

the torus-shaped optic and exclude the round-shaped optic.  Moreover, as discussed above, the GE

Lighting Defendants should be judicially estopped from advocating such a narrow construction,

after having taken a contrary position before the PTAB.  *See, e.g.,* Ex. 13, at 26 (claim chart to

PTAB disregarding Defendants' narrow proposed construction and asserting that the round optic

in the Brown prior art (Exhibit 14, at Figure 12) meets the foregoing claim limitation).

> **E.**  <u>**Output side of aspheric lens located between the first and second windows / first and second openings**</u>

| Plaintiff's Construction | Defendants' Construction |
|---|---|
| Needs no construction. | output side of aspheric lens located in the space separating the first and second openings <u>and that does not extend past the plane defined by the first and the second openings</u> |

If the Court believes that construction would be helpful to the jury, it should reject Defendants' construction.  Defendants' construction finds no support for the view that the plain meaning of the term "between" invokes measurements of whether the "between" structure extends or does not extend laterally past a plane defined by the first and second structures.  Defendants' Brief at page 19 resorts to reading such a limitation from the specification in its claim construction.  This of course is improper.  Moreover, Defendant's Brief at page 19 argues not that the applicant made a limiting statement, but that a PTO examiner made a limiting statement during the reexamination of the '911 patent.  This does not support Defendants' position.  For these additional reasons, the Defendants' limiting construction lacks support, and the Court should reject it.

### F.      Total internal reflection surface (TIR)

| Plaintiff's Construction | Defendants' Construction |
|---|---|
| A surface that reflects all of the light rays that strike it and does not allow any light rays to pass through it. | a surface that reflects all of the light rays that strike it and does not allow any light rays to pass through it <u>and that is designed by receiving maximum and minimum output angles; receiving a location of a portion of the light transformer with respect to a light source that provides light; and iteratively point-by-point calculating an optical transformer reflective surface by providing an associated increment for an output angle for each increment of an input angle, the associated increment for the output angle being consistent with a predetermined output intensity distribution to reflect light provided by the light source according to the received maximum and minimum output angles based on the received location of a portion of the light transformer.</u> |

There is no question that Plaintiff's proposed construction comports with the ordinary and customary meaning and is consistent with the specification.  Defendants' Brief at pages 20 to 23 argues only that the patent applicant made a limiting statement during the prosecution of the '911 patent, and that Plaintiff's retraction of that limiting statement should not be given effect.  For the reasons that follow, Defendants' position should be rejected, and the disputed TIR claim term

should be given its ordinary and customary meaning.

Defendants' Brief cites *Hakim v. Cannon Avent Group, PLC,* 479 F.3d 1313, 1318 (Fed. Cir. 2007) to support its argument that Plaintiff's retraction of the patent applicant's limiting statement was not ineffectual.   *Hakim* is distinguishable.   In *Hakim*, the Federal Circuit held that while the patent applicant was entitled to broaden his claims via continuation practice, the applicant's efforts failed because he did not sufficiently reference the prior disclaimer and prior art that it was made to avoid.   479 F.3d at 1317-18.   In contrast, in the present case, Plaintiff expressly identified the alleged prior disclaimer that Plaintiff sought to disclaim, and Plaintiff put the Examiner on express notice that it was disclaiming its prior statements:

> **DISCLAIMER**
> In the parent application 09/566,621, now U.S. Patent no. 6,543,911, from which this application claims priority, an Amendment was filed on 28 January 2002 (see pages 5-6) where certain statements were made that have the potential of being misinterpreted by third parties to the effect that they may inappropriately interpret devices claims as product by process claims. While Applicant does not believe that the device claims of the '911 patents or this application should be considered as products designed by any particular method, Applicants hereby wish to *expressly disclaim* any such statements as being limiting in any way in this application.

Ex. 8, p. 5 (emphasis added).   Furthermore, unlike in *Hakim*, the Examiner did not put any stock in applicant's alleged limiting statement from the '911 patent file history when deciding whether to allow claim 11, which was to become claim 6.   Further, there is no evidence to suggest that the Examiner viewed claim 6 of the '911 patent as a product by process claim.   *See* Ex. 7, at pp. 6-7 (Office Action dated April 10, 2002) (reasons for allowance of claim 11).   Defendants also cite to *iLOR, LLC v. Google,* 550 F.3d 1067, 1075 (Fed. Cir. 2008), but *iLOR* is distinguishable on similar grounds.   In *iLOR,* as in *Hakim* but unlike the present case, the applicant did not put the Examiner on notice that it was attempting to recapture previously surrendered subject matter.   *See also, Luv N' Care, Ltd. v. Koninklijke Philips Electronics N.V.,* No. 2:11-cv-512-RSP, 2013 WL 3471269,

at *6-10 (E.D. Tex. July 9, 2013) (applying *Hakim*).

Defendants' Brief at pages 21-22 quibbles with the early October 2011 timing of Plaintiff's disclaimer.  This fails to appreciate that prior to the claim construction briefs filed in August of 2011 in the earlier litigation between Plaintiff and Volkswagen, Plaintiff did not fully appreciate how an accused infringer might seek to misuse the allegedly limiting statements.  It should also be noted that Plaintiff acted entirely appropriately in October 2011 in submitting its disclaimer, expressly requesting that the Examiner withdraw his previous notice of allowance, and submitting additional claims so that the Examiner would be required to consider or reconsider all of the pending claims.  *See* Ex. 7.  Defendants complain that Plaintiff did not tie its disclaimer to any of the claims that had been allowed.  This is not understood; as quoted above, Plaintiff's above disclaimer is tied to subject matter "in this application."  Finally, Defendants seek to avoid Plaintiff's disclaimer by arguing that Plaintiff acknowledged that there was "no alternative design" to constructing the claimed apparatus.  Defendants misread Plaintiff's statement.  Plaintiff stated only that there was "no alternative design <u>using the traditional approach</u>."  This is not to say that the methods recited Defendants' proposed construction are the only ones available.

Finally, the GE Lighting Defendants should be judicially estopped from advocating their present narrow construction, after having taken a contrary position before the PTAB.  *See, e.g.,* Ex. 13, at 23-24 (claim chart to the PTAB disregarding Defendants' narrow proposed construction for TIR surface and that the claim limitation is met by the reflective surface disclosed in Brown).

## IV.     CONCLUSION

For the reasons discussed above and in Plaintiff's Opening Brief, plaintiff respectfully requests that the Court issue a claim construction order consistent with Plaintiff's proposed constructions.

May 27, 2014                            Respectfully submitted,

                                        By: /s/ *Henry Pogorzelski*
                                        Henry M. Pogorzelski – LEAD COUNSEL
                                        Texas Bar No. 24007852
                                        Michael J. Collins
                                        Texas Bar No. 04614510
                                        John J. Edmonds
                                        Texas Bar No. 00789758
                                        **COLLINS, EDMONDS, POGORZELSKI,**
                                        **SCHLATHER & TOWER, PLLC**
                                        1616 S. Voss Road, Suite 125
                                        Houston, Texas 77057
                                        Telephone: (281) 501-3425
                                        Facsimile: (832) 415-2535
                                        Email: hpogorzelski@cepiplaw.com

                                        Stafford Davis
                                        State Bar No. 24054605
                                        **THE STAFFORD DAVIS FIRM, PC**
                                        305 S. Broadway, Suite 406
                                        Tyler, Texas 75702
                                        Phone: (903) 593-7000
                                        Fax: (903) 705-7369
                                        Email: sdavis@stafforddavisfirm.com

                                        **ATTORNEYS FOR PLAINTIFF LIGHT**
                                        **TRANSFORMATION TECHNOLOGIES LLC**

## CERTIFICATE OF SERVICE

I hereby certify that all known counsel of record are being served with a copy of this document via electronic mail using the electronic mail address provided to the Court's ECF system:

May 27, 2014                            /s/ *Henry Pogorzelski*
                                        Henry Pogorzelski

11