# United States District Court
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **LIGHT TRANSFORMATION TECHNOLOGIES, LLC,** | § § § | |
| v. | § § | 2:12-CV-826-MHS-RSP |
| **LIGHT SCIENCE GROUP CORP., et al.,** | § | |

### MEMORANDUM ORDER

Before the Court is Defendants' Lighting Science Group Corporation and Home Depot U.S.A. Inc.'s, Motion for Amendment to the Court's Memorandum and Order on Claim Construction (Dkt. No. 142, filed July 25, 2014). Defendants contend that they seek limited amendments to clarify two aspects of the Court's Memorandum Opinion and Order. (Dkt. No. 135, filed July 11, 2014) ("Markman Order"). After considering the arguments made by the parties (Dkt. Nos. 142 and 154), the Court finds Defendants' motion should be DENIED.

### I. The construction of the disputed terms "symmetrical across the axis of light direction" and the reference to Figure 17

Defendants move the Court to strike its reference to Figure 17 of U.S. Patent No. 8,220,959 (the "'959 Patent") and U.S. Patent No. 6,951,418 (the "'418 Patent") in its analysis for the disputed phrase "symmetrical across the axis of light direction."[1] Defendants contend that the optic shown in Figure 17 does not relate to the asserted claims of the '959 Patent. (Dkt. No. 142 at 5.) Defendants further contend that this amendment is necessary to avoid any confusion as to the scope of the claims of the '959 Patent. (*Id.*) For the following reasons, the Court finds that Defendants' motion should be denied.

First, the claims of the '959 Patent and the '418 Patent are both directed to optic designs.

---

[1] The phrase "symmetrical across the axis of light direction" appears in claims 1 and 4 of the '959 Patent.

Moreover, the '959 Patent and the '418 Patent share a common specification and common set of drawings, and the claims language recites common elements. For example, the disputed terms "light transformer," "redirecting/redirects," and "redistributing/redistributes" are found in the asserted claims of both the '959 Patent and '418 Patent. Thus, although every element of the claims of the '959 Patent may not be found in Figure 17, it does not mean that Figure 17 cannot illustrate elements common to the claims of the '959 Patent and the '418 Patent. Here, Figure 17 illustrates an optic that is round and provides intrinsic evidence that directly refutes Defendants' argument that the patentee clearly and unmistakably disclaimed round optics. Accordingly, the Court **DENIES** Defendants' motion to strike its reference to Figure 17 in construing the disputed phrase "symmetrical across the axis of light direction."

## II.   The construction of the disputed terms "second member," "second planar optical window," and "second opening"

The parties originally disputed the terms "second/third/fourth end," "second member," "second planar optical window," and "second opening."[2] During the claim construction hearing, the parties agreed to a construction for the disputed terms "second/third/fourth end." (Dkt. No. 135 at 9–10.) However, the parties did not agree to a construction for the terms "second member," "second planar optical window," and "second opening." Thus, the Court analyzed the intrinsic evidence and provided a construction for these terms. (*Id.* at 28–30.) Specifically, the Court found that "terms like first, second, third, and fourth are commonly understood in patent claims to mean different things," and that "[i]n this case, the claims use these terms to refer to different locations on the light transformer." (Dkt. No. 135 at 28.)

---

[2] The term "second/third/fourth end" and "second member" appear in claims 1 and 4 of the '959 Patent; the term "second opening" appears in claims 4 and 7 of the '959 Patent; and the term "second planar optical window" appears in claims 1 and 7 of the '959 Patent.

Defendants now move the Court to "revise" its construction to add clarifying language. (Dkt. No. 142 at 3.)  Defendants contend that the Court's reference to a "location" in its construction may introduce ambiguity such that two locations on a single window could be argued to be a first and second window. (Dkt. No. 142 at 3.)  Thus, Defendants move the Court to change its construction to make clear that a single item cannot be double counted. (Dkt. No. 142 at 3–4.)

Defendants' motion is a rehash of the arguments made in the claim construction briefing and at the claim construction hearing.  Indeed, the construction Defendants originally proposed and now their alternative proposed revisions would exclude round optics from the scope of the claims.  The Court addressed and rejected this argument in the Markman Order and the Court's construction requires no further clarification. (Dkt. No. 135 at 29.)  Accordingly, the Court **DENIES** Defendants' motion to add a clarifying statement or adopt its alternative constructions.

## CONCLUSION

For the reasons stated above, Defendants' Lighting Science Group Corporation and Home Depot U.S.A. Inc.'s, Motion for Amendment to the Court's Memorandum and Order on Claim Construction (Dkt. No. 142) is **DENIED**.

**SIGNED this 22nd day of August, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE